Probate Court of Franklin County.

IN RE ESTATE OF PERCY A. MAYO.

Decided December 30, 1933.

*Charles M. Earhart,* attorney for executrix.

McCLELLAND, J.

This matter comes before the court upon the application of the executrix herein, for an order to dispense with an appraisement. The executrix desires to file an inventory without an appraisement of the estate.

The application states that the executrix is the sole devisee under the will of said decedent of all his real and personal property, that she is his sole heir and that there are no debts of said estate unpaid.

The court is informed that the value of the personal property is more than five hundred dollars.

In support of her application, the executrix has filed a memorandum in which she relies upon the wording of Section 10509-42, General Code, which reads as follows:

"Section 10509-42. APPRAISERS, HOW APPOINTED.—The real estate and personal property comprised in the inventory, *unless an appraisement thereof has been dispensed with by an order of the court,* shall be appraised by three suitable disinterested persons, appointed by the court, and sworn to a faithful discharge of their trust. The probate court may appoint separate appraisers of property located in any other county."

It must be observed at the outset that the underlined portion of the above statute does not of itself give the court

authority to dispense with an appraisement. It pre-sup-poses that there are certain circumstances under which law authorizes the court to dispense with an appraisement. This raises the question: Under what circumstances may the court by an order dispense with an appraisement?

Section 10509-48, General Code authorizes the court to direct the omission of an appraisement, the language of said section being as follows:

"Section 10509-48. HOUSEHOLD GOODS. When by the terms of a last will the testator expresses a wish that no appraisement of his household goods and furniture be made, the court admitting it to probate may direct the omission of such appraisement, but thereafter may require it on the application of any party interested therein."

Section 10509-41, General Code authorizes the court to direct that an inventory be omitted if the probable value of the personal property be less than $500.00, and accord-ing to Section 10509-40, General Code the word "inventory" includes appraisement.

Section 10509-41, General Code also provides that an administrator *de bonis non* shall not be required to return and file an inventory if his predecessors have done so, unless, in the opinion of the Probate Court it is necessary.

It is also provided in Section 10506-18, General Code that where the executor is residuary legatee, he shall not be required to return an inventory, unless it be made to appear to the satisfaction of the Probate Court that one should be made and returned, if the probable value of the estate is less than $500.00.

The above mentioned sections of the General Code are the only sections authorizing the dispensing with the filing of an inventory and appraisement. Of course where an in-ventory is dispensed with it also dispenses with an ap-praisement, "Section 10509-40, General Code."

In Section 502 of Judge Lamneck's Ohio Probate Digest and Practice Manual, we find a discussion under the head-ing of "Necessity of Appraisement," as follows:

"It is the duty of the court to require an inventory and appraisement in all estates where the personal property is worth $500.00 or more, and a judge who fails to require

an inventory and appraisement as provided by law is derelict in his duty, and perhaps liable on his official bond. The only exception to this requirement is the one that provides that the court may direct the omission of household goods and furniture if the testator expresses a wish for such omission."

Under the above quotation Judge Lamneck cites *In Re, Pickards*, 5 O. N. P. 493. The provisions of the law requiring the filing of an inventory and appraisement, in force at the time that case was decided, were similar to our present provisions of the law. In that case the will directed that no inventory of the estate be filed, nevertheless the court required an inventory and appraisement to be made and filed.

The present provisions of the law with reference to the requirement of an appraisement are as follows:

"Section 10509-41, General Code provides that within one month after the date of his appointment, every executor or administrator shall make and return upon oath into the court, a true inventory of the real estate, goods, chattels, moneys, rights and credits of the deceased, etc.

"Section 10509-42, General Code provides that the real estate and personal property comprised in the inventory, unless an appraisement thereof has been dispensed with by an order of the court, shall be appraised by three suitable disinterested persons appointed by the court, etc.

"Section 10509-62, General Code provides that if an executor or administrator neglects or refuses to return such inventory as provided by law, the Probate Court shall issue an order requiring him at an early day therein named, to return an inventory according to law.

"Section 10509-63, General Code provides for personal service of such order, and that if such executor or administrator, by the day appointed, does not return such inventory, the court may remove him and new letters shall be granted as provided by law."

Therefore, after an examination of the law with reference to the requirement of an appraisement, and finding no law which would authorize the court to dispense with an appraisement in this case, we are of the opinion that an appraisement is required and should be made.

The application of the executrix for an order directing the omission of an appraisement is therefore denied.